NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2757-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ALBERT J. FIELDS, JR.,

 Defendant-Appellant.

______________________________

 Submitted October 17, 2017 – Decided November 2, 2017

 Before Judges Yannotti and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Salem County, Municipal Appeal
 No. 09-15.

 Albert J. Fields, Jr., appellant pro se.

 John T. Lenahan, Salem County Prosecutor,
 attorney for respondent (Derrick Diaz,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Albert J. Fields, Jr. appeals from an order entered

by the Law Division on February 29, 2016, which found him guilty
of crossing no-passing lanes, in violation of N.J.S.A. 39:4-86.

We affirm.

 The following facts are taken from the record. On July 10,

2015, defendant was traveling southbound on Broadway in

Pennsville. Two cars in front of him was an automobile traveling

slower than the speed limit. Defendant crossed the double yellow

lines on the roadway, entering the northbound lane, passed the two

automobiles in front of him, and returned to the southbound lane.

Patrolman James Endres of the Pennsville Police Department was two

vehicles behind defendant's vehicle. He observed defendant

execute the maneuver, stopped defendant, and issued him a summons

for violation of N.J.S.A. 39:4-86.

 A trial ensued in the municipal court. Patrolman Endres

testified for the State, recounting the details of defendant's

infraction and the motor vehicle stop. Defendant also testified

and did not dispute the essential facts. He conceded he crossed

the double yellow lines because the vehicle in front of him was

traveling slowly. The municipal court considered the testimony

and also reviewed the State's dashboard camera evidence of the

incident. Defendant was adjudicated guilty of violating N.J.S.A.

39:4-86 and required to pay a fine of $60 and $33 court costs.

 Defendant appealed from the municipal court judgment. He

argued that because the vehicle in front of him had decreased its

 2 A-2757-15T1
speed so dramatically, was approaching the passing zone, and the

roadway was clear, he had license to pass. Specifically, defendant

argued the slow pace of the vehicle constituted an obstruction.

Therefore, he could not be found guilty of N.J.S.A. 39:4-86.

 After a de novo review of the record, the Law Division judge

found defendant guilty. The judge noted N.J.S.A. 39:4-86 requires

the road must be both obstructed and impassable. The judge held

impassable meant "[i]mpossible to travel over or across." The

judge concluded, though "[a] vehicle moving slower than the speed

limit may disturb or even obstruct the flow of traffic, it does

not render the roadway impossible to travel across."

 Defendant now appeals the Law Division adjudication. He

asserts the following arguments.

 I. THE COURT'S DECISION CONSTITUTED A CLEAR
 ABUSE OF DISCRETION WHERE THE COURT ACTED
 UNDER A MISCONCEPTION OF THE APPLICABLE
 LAW.

 a. The Court's Definition Of Obstruct
 And Impassible As Applied In This
 Action Was Error Because The Court
 Required The Road To Be Both
 Obstructed And Impassable, In
 Essence Adding Language That The
 Legislature Omitted. DiProspero v.
 Penn, 183 N.J. 477, 492 (2005).

 b. When The Court's Concept Of Slow
 Drivers Is A Stated Policy, As Is
 The Case Here, Then The Statute's
 Goal Cannot Be Achieved Because The
 Decision Has Been Made Before

 3 A-2757-15T1
 Consideration Of The Defendant's
 Right To Qualify For The Exception
 Identified Within The Statute,
 Additionally, A Per Se Rule On Slow
 Drivers Precluded The Court From
 Considering Relevant Factors
 Outside The Policy.

 c. The Trial De Novo Court Evaluation
 Of Obstruct And Impassable
 Conflict[s] With The Holding Of The
 Appellate Court In Cruz v. Trotta,
 363 N.J. Super. 353, 359 (App. Div.
 2003).

 II. THE STATE PRESENTED NO EVIDENCE IN ITS
 CASE ON THE MERITS. THE STATE HAD THE
 BURDEN OF PROOF. DEFENDANT WAS NOT
 OBLIGED TO PUT ON A DEFENSE. THUS, THE
 RECORD EVIDENCE WAS INSUFFICIENT TO
 SUPPORT THE FINDING OF GUILT.

 We begin by reciting our scope of review. In reviewing a

trial court's decision on municipal appeal, we determine whether

sufficient credible evidence in the record supports the Law

Division's decision. State v. Johnson, 42 N.J. 146, 162 (1964).

Unlike the Law Division, which conducts a trial de novo on the

record pursuant to Rule 3:23-8(a)(2), we do not independently

assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999).

In addition, under the two-court rule, only "a very obvious and

exceptional showing of error[]" will support setting aside the Law

Division and municipal court's "concurrent findings of facts[.]"

Id. at 474. However, when issues on appeal turn on purely legal

determinations, our review is plenary. State v. Adubato, 420 N.J.

 4 A-2757-15T1
Super. 167, 176 (App. Div. 2011), certif. denied, 209 N.J. 430

(2012). "We do not weigh the evidence, assess the credibility of

witnesses, or make conclusions about the evidence." State v.

Barone, 147 N.J. 599, 615 (1997). We defer to the trial court's

credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383

(App. Div. 2000).

 I.

 Defendant argues the trial court abused its discretion

because it misconstrued N.J.S.A. 39:4-86. He asserts the statute

does not require the road to be both obstructed and impassable,

and that the trial court's interpretation of the statute added

language the Legislature did not intend. Defendant's argument has

no merit.

 The primary goal of statutory interpretation is to interpret

a statute in accordance with the Legislature's intent, and "the

best indicator of that intent is the statutory language."

DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v.

Bracigliano, 177 N.J. 250, 280 (2003)). The court must interpret

the words in the enactment in accordance with "their ordinary

meaning and significance." Ibid. (citing Lane v. Holderman, 23

N.J. 304, 313 (1957)).

 If the statute is clear and unambiguous, the court's role "is

to construe and apply the statute as enacted." Ibid. (quoting In

 5 A-2757-15T1
re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

However, if there is any ambiguity in the statutory language that

leads to more than one plausible interpretation, the court may

consider extrinsic evidence, including the legislative history.

Id. at 492–93 (citing Cherry Hill Manor Assocs. v. Faugno, 182

N.J. 64, 75 (2004)).

 N.J.S.A. 39:4-86, in pertinent part, states:

 Except when otherwise directed by a duly
 constituted traffic or police officer or when
 the lane in which he is operating is
 obstructed and impassable, the driver of a
 vehicle shall not cross an appropriately
 marked "No Passing" line in a "No Passing"
 zone duly established pursuant to a duly
 promulgated regulation of the State Highway
 Commissioner or an ordinance or resolution
 duly adopted by a municipal governing body or
 a board of chosen freeholders, whichever has
 jurisdiction over the highway.

Thus, the plain language of the statute permits passing in a no

passing zone only where the road is both obstructed and impassable.

The legislative intent is clear from the statute and the trial

judge did not add language to it, as defendant claims.

 II.

 Defendant next argues the trial court misinterpreted the word

"obstructed" in N.J.S.A. 39:4-86 to exclude slow vehicles. He

asserts the trial court ignored our holding in Cruz v. Trotta, 363

N.J. Super. 353, 360-61 (App. Div. 2003), a personal injury matter

 6 A-2757-15T1
where we held a slow moving vehicle may constitute an obstruction

in violation of N.J.S.A. 39:4-86. However, defendant misconstrues

the holding in Cruz. There, the plaintiff who had been a passenger

on a slow moving scooter, which collided with a truck causing

plaintiff substantial injuries, appealed from jury verdict in

favor of the defendant. Plaintiff argued the trial court erred

by submitting the question of whether a slow moving vehicle

constitutes an obstruction to the jury. We stated that "[s]ince

there are virtually endless possible variations that might or

might not constitute obstructions," the trial court was correct

to submit the question to the jury as trier of fact. Id. at 361.

 Relying on Cruz, the trial judge here stated:

 In the instant case, this Court is the finder
 of fact. At trial, the Defendant testified
 only that the vehicle, "started to slow down,"
 and that the vehicle's speed was inconsistent
 with, in his opinion, the flow of traffic. A
 vehicle moving slowly does not render the
 roadway impassable. While a vehicle moving
 slower than the speed limit may disturb or
 even obstruct the flow of traffic, it does not
 render the roadway impossible to travel
 across. Therefore, this Court finds that the
 Defendant was not allowed to legally pass the
 vehicle in front of him in the no passing zone.
 His actions were in violation of N.J.S.A.
 39:4-86, and this Court finds him guilty.

The trial judge's findings are support by sufficient and credible

evidence in the record.

 7 A-2757-15T1
 III.

 Finally, defendant argues there was "insufficient evidence

in the record to find [him] guilty of the violation beyond a

reasonable doubt." Specifically, defendant asserts the municipal

court did not find his testimony incredible or his arguments

unpersuasive. Thus, he claims the Law Division was not bound by

the municipal court's findings, nor are we.

 As we noted above, the Law Division's review is de novo. The

suggestion that the trial judge did not undertake an independent

review and make independent findings is unsupported by the law or

the record. Contrary to defendant's claims, the trial judge

independently addressed his testimony, which the judge relied upon

in part to adjudicate him in violation of the statute. The judge

did not need to find defendant's testimony incredible when the

testimony he provided on both direct and cross-examination

supported a finding of guilt. Defendant's guilt was proved beyond

a reasonable doubt, and we are satisfied the adequate, substantial,

and credible evidence in the record supports the trial judge's

conclusion defendant was guilty of violating N.J.S.A. 39:4-86.

 Affirmed.

 8 A-2757-15T1